STATE EX REL. BRASHEAR, RELATRIX, *v.* DISTRICT COURT
ET AL., RESPONDENTS.

(No. 4,200.)

(Submitted March 19, 1918. Decided April 19, 1918.)

[172 Pac. 539.]

*Contempt—Evidence—Insufficiency—Supervisory Control.*

1. Relatrix was *ex parte,* upon the allegation of the complaint filed under the provisions of Chapter 95, Laws of 1917, enjoined *pendente lite* from suffering or permitting the use of a saloon and dance-hall by females. Though the question whether she was the owner or manager of the place was thus left undecided at the time she was tried for a violation of the order, she was found guilty of contempt. *Held,* on application for writ of supervisory control, that in the absence of evidence showing relatrix to have been in control of the place, she could not possibly have violated the order in permitting something to be done on the premises, and therefore order annulled.

Original application for writ of supervisory control by the State on the relation of Pansy Brashear against the District Court of Silver Bow County and J. J. Lynch, a Judge thereof, to annul an order adjudging relatrix guilty of contempt. Order annulled.

*Messrs. Canning & Geagan,* for Relatrix, submitted a brief; *Mr. F. E. Geagan,* argued the cause orally.

*Mr. N. A. Rotering,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

Under and by virtue of Chapter 95, Session Laws of 1917, the [1] district court of Silver Bow county issued an injunction *pendente lite,* restraining Pansy Brashear, as owner, agent or manager, Thomas L. Carson, as record owner, and J. A. O'Neil, as reputed owner, from suffering or permitting the use of a certain saloon and dance-hall near Butte, known as "O'Neil's Place," as a place where female persons are permitted to be and remain for the purpose of being there supplied with intoxi-

cating liquor. This order was made without notice upon a verified complaint filed on behalf of the state of Montana by the county attorney of Silver Bow county, and together with the summons and a copy of the complaint was served upon Brashear. Thereafter an affidavit was filed, averring that Brashear, notwithstanding said order which was then in full force and effect, did on January 27, 1918, suffer and permit female persons to be and remain in said place for the purpose of being supplied with liquor and who were so supplied, and asking that she be cited to show cause why she should not be punished for contempt. A citation issued, Brashear appeared and entered a plea of not guilty. A hearing was had, witnesses were sworn and examined, and it resulted in a final order, made on March 4, 1918, adjudging that Brashear had been guilty of contempt as charged, and that she should pay a fine of $200, or in default of such payment, be confined in the county jail of Silver Bow county one day for each two dollars of such fine.

This order Brashear seeks to have annulled, upon the ground that no substantial evidence was presented to support it. We think her contention is sustained by the record, and in effect admitted by the briefs of respondents. The injunction order issued, *ex parte,* upon the allegation of the complaint, still subject to joinder of issue, that she was an owner or manager of the place, was not and could not be an adjudication of that fact for the purpose of this proceeding. She was enjoined from "suffering or permitting" the use of the place for the prohibited purpose, and by no stretch of the imagination could she be guilty of violating the order, that is, of "suffering or permitting" such use, unless, as a person in authority over the place, she had the power to "suffer or permit." That this was the case does not appear; she neither solicited, sold, served or received pay for any drinks; she directed nothing, suffered nothing, permitted nothing, so far as the conduct of the place was concerned; she was there apparently as others were there, and drank as others drank. One witness, asked: "Who runs the place, if you know?" answered: "Why, so far as I know, Miss

Brashear runs it." How far he knew we are not advised, further than that he says: "I saw her buy a drink and she didn't offer to give any money in payment for it." This is absolutely all, and to call it "clear proof" sufficient to justify adjudication in contempt would require a different standard of judgment than any that has yet found favor with courts.

The order complained of is annulled.

*Order annulled.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.